KEHO *v.* AUDITOR GENERAL.

1. TAX SALES — VALIDITY — CONFIRMATION — JURISDICTIONAL DE-
   FECTS.
   To entitle the owner of land sold for taxes to relief after con-
   firmation of the sale, he must show that the taxes have been
   paid, or that the land is exempt from taxation, or that the
   court lacked jurisdiction to make the decree.

2. SAME—ASSESSMENT—DESCRIPTION.
   Where petitioners owned lots 4 and 5, and 6 inches of lot 6,
   the fact that the six-inch strip was omitted from the descrip-
   tion in the tax roll did not deprive the court of jurisdiction
   in proceedings for the sale of the land, and was not ground
   for setting the sale aside after confirmation.

Appeal from Saginaw; Snow, J. Submitted Novem-
ber 15, 1904. (Docket No. 137.) Decided December 22,
1904.

Petition by James J. Keho and Frank Keho against
Perry F. Powers, auditor general, and Ezekiel De Camp
to set aside certain tax sales. From a decree for petition-
ers, defendant De Camp appeals. Reversed.

*Nathan S. Wood,* for petitioners.

*Albert De Camp,* for appellant.

CARPENTER, J. Since 1882 petitioners have owned lots
4 and 5, and the east 6 inches of lot 6, of P. C. Andres'
subdivision of lots 1, 2, 3, 4, block 13, north of Cass street,
in the city of Saginaw. This entire property is covered
by one building owned by petitioners. In 1899 there was
omitted from the description for the tax assessment said
six-inch strip, the property being described as lots 4 and 5
of said subdivision. The taxes were not paid, and the
lands were included in the proper petition of the auditor
general, and in 1902 a decree was taken against them.
They were sold on May 6th to the State. Subsequently

defendant De Camp purchased the State bid, and, after the time of redemption expired, received a tax deed. October 13, 1903, he served upon petitioners the statutory notice for reconveyance. (The time for this reconveyance was, by stipulation of the parties, extended to the final adjudication of this case.)

Petitioners then instituted this proceeding by filing a petition in the lower court, praying that the decree entered in 1902 be opened and vacated on the ground that their property had not been correctly described. A hearing was had, and a decree entered granting the prayer of said petition. From this decree defendants appeal to this court.

To entitle petitioners to relief, they must show that their tax has been paid, their land exempt from taxation, or that the court lacked jurisdiction to make the decree. See opinion in *Smith* v. *Auditor General*, ante, 582. As the tax in question was not paid, and as the property was not exempt from taxation, petitioners had no right to the decree appealed from, unless there was a total want of jurisdiction to make the original decree. That decree cannot, therefore, be sustained, unless the omission of the six-inch strip from the description on the assessment roll deprived the court of jurisdiction. It is obvious that it did not. The gravamen of petitioners' complaint is that their land was not properly assessed. We have held (*Muirhead* v. *Sands*, 111 Mich. 495):

"If the owner permits the case to proceed to a decree, * * * the question of whether it [the land] is *properly assessed*, and whether proper steps have been taken to charge the land after assessment, * * * become res adjudicata."

Petitioners call our attention to many authorities. We refrain from discussing them, because none of them hold or indicate that an irregularity like that under consideration is jurisdictional.

The decree for petitioners must be reversed, and their petition dismissed, with costs of both courts.

The other Justices concurred.